SEALED

FILED
U.S. DISTRICT COURT

2020 SEP -9  P 1: 21

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
KAYE LYNN WOOTTON, Special Assistant United States Attorney (#13899)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW AMBROSE BAKER,<br><br>Defendant.<br><br>Case: 2:20-cr-00301<br>Assigned To : Barlow, David<br>Assign. Date : 09/02/2020<br>Description: | INDICTMENT<br><br>Count 1: 18 U.S.C. § 371 (Conspiracy to Defraud the United States)<br><br>Count 2: 18 U.S.C. § 1505 (Obstruction of Department and Agency Proceedings)<br><br>Count 3: 18 U.S.C. § 1343 (Wire Fraud)<br><br>Count 4: 18 U.S.C. § 1028A (Aggravated Identity Theft) |

The Grand Jury Charges:

**Background**

At all times relevant to this Indictment:

1. Defendant MATTHEW AMBROSE BAKER ("BAKER") was a resident of Utah County, Utah.

2. SUNRISE HOME HEALTH & HOSPICE, LLC ("SUNRISE") was registered as a limited liability corporation with the State of Utah with business addresses in Provo, Utah.

3. SUNRISE's primary business was providing medical services to patients in need

of home care or hospice care.

4. Defendant BAKER managed, controlled, and operated all aspects of SUNRISE.

5. Cap Fund 783, LLC ("Cap Fund") is a Utah limited liability company located in Orem, Utah.

**The Medicare and Medicaid Programs**

6. Medicare was a health care benefit program, as defined in Title 18, United States Code, Section 24, which was designed to provide medical services, medical equipment and supplies to the elderly, blind and disabled beneficiaries pursuant to the Social Security Act (Title 42, United States Code, Section 301, et seq.). The Medicare program was and is administered by the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration ("HCFA").

7. The Utah Medicaid program was a public health care insurance program, jointly funded by the State of Utah and the federal government. Medicaid was created in 1965 in Title XIX of the Social Security Act and is codified under 42 U.S.C. § 301 *et seq*. In the State of Utah Medicaid is administered by the Utah Department of Health, under the direction of CMS and in accordance with State and Federal requirements. Medicaid provides medical and related services to low-income families and individuals, including children, parents, pregnant women, seniors, and people with disabilities. Medicaid is a health care benefit program as defined by 18 U.S.C. § 24(b).

8. SUNRISE was enrolled as a provider with the Medicaid and Medicare programs. An enrolled provider is permitted to submit claims to Medicaid and Medicare for payment.

**Civil Lawsuit**

9.      In and around July 2019 and again in and around September 2019, the United States Attorney's Office for the District of Utah, Civil Division notified defendant BAKER that it was seeking to recover approximately $1,862,765.79 for overpayment of Medicare and Medicaid hospice claims to SUNRISE and a double damages recovery for approximately $3,725,531.58.

## Count 1
## 18 U.S.C. § 371
### (Conspiracy to Defraud the United States)

10.     All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

11.     From on or about September 2019, and continuing thereafter until on or about September 2020, within the Central Division of the District of Utah and elsewhere,

MATTHEW AMBROSE BAKER,

defendant herein, and others known to the grand jury, knowingly and willfully conspired and agreed together and with each other, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

  a. of and concerning its right to have its business and its affairs, and particularly the transaction of the official business of the United States Department of Justice ("DOJ"), HHS, and CMS, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction;

  b. of and concerning its right to have its officers and employees, and particularly the personnel of the DOJ, HHS, and CMS, free to transact the official business of the United States unhindered, unhampered, unobstructed and unimpaired by the exertion upon them of dishonest, corrupt, unlawful, improper and undue pressure and influence; and

c. of and concerning its right and governmental function of to recover overpayments made by Medicare and Medicaid as well as associated damages through and by means of its officers and employees in the DOJ, HHS, and CMS unhindered, unhampered, unobstructed and unimpaired by the exertion upon such officers and employees of dishonest, unlawful, corrupt, improper and undue pressure and influence.

### Manner and Means of the Conspiracy

12. It was a part of the conspiracy that the defendant would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the DOJ, HHS, and CMS, in that the defendant would conceal and hide his money and assets to avoid paying Medicare and Medicaid for overpayments and damages associated with SUNRISE.

13. It was further a part of the conspiracy that the defendant would create businesses in the name of "Individual 1" and conduct transactions through those businesses.

### Overt Acts

14. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Central Division of the District of Utah and elsewhere:

   a. On or about September 5, 2019, defendant BAKER, using the identity of Individual 1, filed a Certificate of Organization for Cap Fund with the State of Utah Department of Commerce Division of Corporations;

   b. In the fall of 2019, defendant BAKER spoke to Individual 1 and asked if Individual 1 would allow him to open businesses in Individual 1's name;

   c. On August 30, 2019, defendant BAKER executed a Real Estate Purchase Contract ("REPC") listing Cap Fund as the buyer of real property for $373,000

      located in Utah County, State of Utah and described as "approximately 7.2 acres contained within Ashton Springs Phase 2" (the "Property");

d. On June 26, 2020, Cap Fund, through defendant BAKER, assigned its interest under the REPC to another buyer willing to pay $373,000.00 for the Property and to pay Cap Fund $767,000.00 as an assignment fee; and

e. On July 1, 2020, defendant BAKER requested that the title company involved in the transaction wire the assignment fee to his personal bank account that was not associated with Cap Fund.

15. Additional overt acts in furtherance of the conspiracy and attempts to further said conspiracy are also outlined in the allegations and counts charged in this Indictment, incorporated herein by reference.

**Count 2**
**18 U.S.C. § 1505**
**(Obstruction of Department and Agency Proceedings)**

16. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

17. Beginning in and around September 2019, and continuing to and including September 1, 2020, within the Central Division of the District of Utah and elsewhere,

MATTHEW AMBROSE BAKER,

defendant herein, did corruptly influence, obstruct, and impede, and did endeavor to influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding was being had before the DOJ, HHS, and CMS, by opening businesses and conducting business in Individual 1's name for the express purpose of preventing the recovery of defendant

BAKER's money and assets in pending civil litigation and administrative action;

All in violation of 18 U.S.C. § 1505.

## Count 3
## 18 U.S.C. § 1343
## (Wire Fraud)

18. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

### The Scheme and Artifice to Defraud

19. Beginning in and around 2015, and continuing to and including September 1, 2020, within the Central Division of the District of Utah and elsewhere,

MATTHEW AMBROSE BAKER,

defendant herein, devised and intended to devise a scheme to defraud Individual 1 and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

20. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant BAKER:

  a. knowingly transmitted and caused to be transmitted, wire communications in interstate commerce in violation of 18 U.S.C. § 1343 (Wire Fraud); and

  b. knowingly, and without lawful authority, possessed and used means of identification of another person, to wit: a name and other identifying information during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, in violation of 18 U.S.C. § 1028A (Aggravated Identity Theft).

**Manner and Means of the Scheme and Artifice to Defraud**

21. In execution and furtherance of the scheme and artifice to defraud, defendant BAKER, employed the following manner and means:

22. He convinced Individual 1 to provide him a loan of $350,000, which defendant BAKER promised he would repay within one year with gold and cash reserves to which he had access.

23. Later, defendant BAKER convinced Individual 1 to provide him an additional $60,000 loan to facilitate the purchase of property in Idaho.

24. Defendant BAKER failed to repay these loans to Individual 1.

25. In and around September 2019, in an effort to hide assets from federal departments and agencies seeking to recover Medicare and Medicaid overpayments made to SUNRISE, defendant BAKER opened businesses and conducted business in Individual 1's name. Individual 1 allowed defendant BAKER to do this because defendant BAKER promised this would allow Individual 1 to recover the $410,000 loaned to defendant BAKER.

26. Defendant BAKER opened the Cap Fund business in Individual 1's name.

27. Using Cap Fund, defendant BAKER arranged for the purchase and sale of a piece of property in Utah, which generated substantial profits to Cap Fund.

28. After the title company refused to release the profits from the sale of the property to defendant BAKER (because he was not the owner or manager of Cap Fund), defendant BAKER transferred ownership of Cap Fund out of Individual 1's name into his own name without Individual 1's permission or knowledge.

29. On or about the dates enumerated in each count below, in the Central Division of

the District of Utah, and elsewhere,

MATTHEW AMBROSE BAKER,

defendant herein, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property from Individual 1 by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material facts, and attempting to do so, transmitted and caused the following items to be transmitted by means of wire communication in interstate commerce described below:

| COUNT | DATE (On or About) | WIRE COMMUNICATIONS |
|---|---|---|
| 3 | 07/02/2020 | Online remote login to the State of Utah Department of Commerce Division of Corporations changing the registered principal of Cap Fund from Individual 1 to defendant BAKER. |

All in violation of 18 U.S.C. § 1343.

**Count 4**
**18 U.S.C. § 1028A**
**(Aggravated Identity Theft)**

30. All the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

31. On or about July 2, 2020, in the Central Division of the District of Utah and elsewhere,

MATTHEW AMBROSE BAKER,

defendant herein knowingly attempted to and did, without lawful authority, transfer, possess and use a means of identification of another person, to wit, the name of "Individual 1" (the actual name being known to the grand jury) which is associated with an actual person, which defendant BAKER fraudulently used to change the registered principal of Cap Fund from Individual 1 to defendant

BAKER via an online remote login to the State of Utah Department of Commerce Division of Corporations; during and in relation to a felony violation, to wit, Wire Fraud in violation of 18 U.S.C. § 1343, as alleged in Count 3 of this Indictment.

All in violation of 18 U.S.C. § 1028A(a)(1).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 371, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud. The property to be forfeited includes, but is not limited to:

- $708,800.00

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

## GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE

The Grand Jury finds probable cause to believe that:

1) Matthew Baker has committed the crime specified in the above forfeiture notice;

2) The following property constituted or derived from proceeds traceable to the fraud scheme; and

//

//

//

//

3) In the event of Mr. Baker's conviction such property would be subject to forfeiture:

   a. $708,800.00

A TRUE BILL:

/s/
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

JACOB J. STRAIN
KAYE LYNN WOOTTON
Assistant United States Attorneys