THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW AMBROSE BAKER,<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:20-cr-00301 DBB<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Based on Mr. Baker's unopposed motion to continue his trial and exclude time from speedy trial calculations, the court makes the following findings:

An Indictment/Information was issued on September 9, 2020. Defendant first appeared before a judicial officer of the court on September 18, 2020. Trial was set for November 23, 2020. Beginning October 21, 2020, the United States and prior counsel filed several motions to continue. This Court granted those motions excluding all time between the original and reset trial dates from speedy trial computation. This Court also entered its own Memorandum Decisions and Orders to continue jury trials beginning July 16, 2021, excluded time from General Order No. 20-009 until the new trial setting as well as from speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Defendant seeks a continuance under [18 U.S.C. § 3161(h)(7(B)(iv)](). Defendant alleges that the continuance is necessary to secure retained counsel who can become familiar with his case and prepare for trial on an expedited basis.

The following factual assertions support defendant's request: On July 18, 2022, Magistrate Judge Bennett allowed Mr. Baker's retained counsel to withdraw and appointed the

Office of the Federal Public Defender on a temporary basis. Mr. Baker wanted to have the FPD represent him permanently but that became untenable because he desired to proceed to trial sooner than the FPD's schedule would permit. A continuance is necessary so that new counsel can be retained. Mr. Baker recognizes that the September 12, 2022 trial date is no longer tenable.

The defendant has been notified of the requested continuance.  ☒ YES  ☐ NO

Opposing counsel agrees with the requested continuance.  ☒ YES  ☐ NO

Based on these findings, the Court concludes that failure to grant a continuance would likely make a continuation of proceedings impossible or result in an injustice. 18 U.S.C. § 3161(h)(7)(B)(i). Therefore, the Court finds that the ends of justice served by continuing trial outweigh the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, defendant's motion to continue is GRANTED. The Court continues the jury trial set for September 12, 2022 to December 9, 2022. The court excludes the time between the date of this order and the new trial date from speedy trial calculations under 18 U.S.C. § 3161(h)(7)(A). Trial deadlines associated with the September 12, 2022 trial date are stricken and the court will issue an Amended Trial Order.

DATED this 13th day of August, 2022.

BY THE COURT:

_____
David Barlow
United State District Judge