THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW A. BAKER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [138] MOTION TO DISMISS COUNT 4 OF THE SUPERSEDING INDICTMENT**<br><br>Case No. 2:20-cr-00301-DBB<br><br>District Judge David Barlow |

On September 20, 2022, Defendant Matthew A. Baker filed his Motion to Dismiss Count 4 of the Superseding Indictment.[1] Count 4 charges Mr. Baker with unlawfully possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).[2] In his motion, Mr. Baker argues that § 922(g)(1) violates the Second Amendment under the test announced in the Supreme Court's recent decision, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[3] For the reasons stated below, Mr. Baker's motion is denied.

## BACKGROUND

On March 26, 2019, Mr. Baker pleaded guilty and was convicted of two federal felony offenses in Case No. 2:19-cr-00094-DS.[4] Specifically, Mr. Baker was convicted of one count of Health Care Fraud and one count of Destruction, Alteration, or Falsification of Records in a

---

[1] Def.'s Mot. to Dismiss, ECF No. 138, filed September 20, 2022.
[2] Superseding Indictment, ECF No. 115, filed August 10, 2022.
[3] 142 S. Ct. 2111 (2002).
[4] *United States v. Baker*, 2:19-cr-00094-DS, ECF No. 14, Statement in Advance of Plea.

Federal Investigation.[5] For those offenses Mr. Baker was sentenced to a period of imprisonment of twelve months and one day, followed by three years of supervised release.[6]

On September 9, 2020, Mr. Baker was indicted by a federal grand jury and charged in this case, No. 2:20-cr-301-DBB, with Wire Fraud and other related offenses.[7] On March 30, 2022, while Mr. Baker was on pretrial release in this case, No. 2:20-cr-301-DBB, and still on supervised release in Case No. 2:19-cr-00094-DS, officers with United States Probation and Pretrial Services ("USPO") conducted a search of Mr. Baker's residence. During the search, USPO officers found two boxes of ammunition. The officers found a box containing approximately 40 rounds of .38 special ammunition in a dresser drawer of the master bedroom. The officers also found a box containing approximately 37 rounds of 9mm ammunition inside a duffel bag in the basement.[8]

Thereafter, on August 10, 2022, a federal grand jury returned a superseding indictment charging Mr. Baker with two counts of Wire Fraud in violation of 18 U.S.C. § 1343; Contempt, in violation of 18 U.S.C. § 401(3); and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1).[9] Section 922(g)(1) states: "It shall be unlawful for any person . . . who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."[10]

In his motion, Mr. Baker seeks to have this court dismiss Count 4 of the superseding indictment. He argues that 18 U.S.C. § 922(g)(1) is no longer viable following the Supreme

---

[5] *Id.*
[6] *United States v. Baker*, 2:19-cr-00094-DS, ECF Nos. 30, 32, Judgment and Amended Judgment.
[7] Sealed Indictment, ECF No. 1, filed September 9, 2020 (Indictment unsealed by ECF No. 7).
[8] ECF No. 115 at 6; *see also* Transcript from Evidentiary Hearing held May 6, 2022, ECF No. 75 at 16.
[9] ECF No. 115.
[10] 18 U.S.C. § 922(g)(1).

2

Court's recent decision in *Bruen*. Specifically, Mr. Baker contends that even though he is a felon the Second Amendment protects his right to bear arms, and that the government cannot satisfy its burden to show a longstanding American tradition prohibiting felons from possessing firearms.[11] Mr. Baker also argues that § 922(g)(1) is unconstitutional as applied to him because his prior felony convictions were for non-violent offenses.[12]

## DISCUSSION

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."[13] In *District of Columbia v. Heller*, the Supreme Court recognized an individual right under the Second Amendment to keep and bear arms, not merely a right tied to militia service.[14] The Court clarified, however, that "[l]ike most rights, the right secured by the Second Amendment is not unlimited."[15] The *Heller* Court stated, "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."[16] The *Heller* Court characterized such regulations as "presumptively lawful regulatory measures."[17] Two years later, in *McDonald v. Chicago*, the Supreme Court reiterated this assurance.[18] In the context of holding that the Second Amendment applies to the states through

---

[11] ECF No. 138 at 4–7; Def.'s Reply in Supp. of Mot. to Dismiss Indictment at 7, ECF No. 157, filed November 2, 2022.
[12] ECF No. 157 at 12, 14.
[13] U.S. Const. amend. II.
[14] 554 U.S. 570, 595 (2008).
[15] *Id.* at 626.
[16] *Id.*
[17] *Id.* at 626–27 n.26.
[18] 561 U.S. 742 (2010).

the Fourteenth Amendment's Due Process Clause, the Court stated: "We made it clear in *Heller*

that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on

the possession of firearms by felons . . . ."[19]

Relying on *Heller* and *McDonald*, courts of appeals, including the Tenth Circuit, have

uniformly upheld the constitutionality of § 922(g)(1).[20] In *United States v. McCane*, the Tenth

Circuit rejected the defendant's Second Amendment challenge to § 922(g)(1) explaining that

"[t]he Supreme Court . . . explicitly stated in *Heller* that 'nothing in our opinion should be taken

to cast doubt on longstanding prohibitions on the possession of firearms by felons.'"[21] Then, in

an unpublished majority decision in *In re United States*, the Tenth Circuit explained: "We have

already rejected the notion that *Heller* mandates an individualized inquiry concerning felons

pursuant to § 922(g)(1)."[22] And, more recently, in *United States v. Griffith*, the Tenth Circuit

reiterated that § 922(g)(1)'s prohibition of firearms by felons is constitutional.[23] Simply put,

post-*Heller*, the Tenth Circuit has not permitted either facial or as-applied challenges to

§ 922(g)(1).[24]

---

[19] *McDonald*, 561 U.S. at 786.

[20] *See, e.g., United States v. Bogle,* 717 F.3d 281, 282 n.1 (2d Cir. 2013) (collecting cases); *see also, e.g., Folajtar v. Att'y General*, 980 F.3d 897, 901 (3d Cir. 2020) ("Since *Heller,* we [the Third Circuit], along with every court to consider the issue, have rejected challenges that § 922(g)(1) on its face violates the Second Amendment"); *see also United States v. Siddoway*, No. 1:21-cr-205, 2022 WL 4482739, at *1 (D. Idaho Sept. 27, 2022) (providing that the courts of appeals, including the Ninth Circuit, "uniformly upheld the constitutionality of § 922(g)(1)" based on *Heller*).

[21] *McCane*, 573 F.3d at 1047 (quoting *Heller*, 128 S. Ct. at 2816–17).

[22] *In re United States*, 578 F.3d 1195 (10th Cir. 2009) (unpublished).

[23] *See United States v. Griffith*, 928 F.3d 855, 871 (10th Cir. 2019); *see also United States v. Gieswein*, 887 F.3d 1054, 1064 n.6 (10th Cir. 2018) (confirming that Tenth Circuit precedent forecloses defendant's argument that § 922(g)(1) violates the Second Amendment).

[24] *Vincent v. Garland*, No. 2:20-cv-883-DBB, Slip Copy, 2021 WL 4553249, at *2–3 (D. Utah Oct. 5, 2021) (rejecting "as-applied challenge under the Second Amendment to the felon-dispossession statutes" because such challenge was precluded by Tenth Circuit precedent); *see, e.g., McCane*, 573 F.3d at 1047; *United States v. Molina*, 484 Fed. App'x 276, 285 (10th Cir. 2012) (citing *Heller* and *McDonald* and concluding district court did not err in rejecting defendant's argument that § 922(g)(1) was unconstitutional).

In his motion, Mr. Baker argues that the Supreme Court's decision in *Bruen* rendered § 922(g)(1) presumptively invalid and requires this court to examine the constitutionality of the statute using the standard set forth in *Bruen*.[25] Mr. Baker also asserts that when examining whether § 922(g)(1) is constitutional, this court should disregard the Supreme Court's dicta in *Heller* regarding the "longstanding prohibition[] on the possession of firearms by felons,"[26] and must require the government to prove that "that the prohibition § 922(g)(1) imposes on Mr. Baker is consistent with 'the Nation's historical tradition of firearm regulation.'"[27]

This court is bound, however, by Tenth Circuit precedent. Therefore, unless the Supreme Court's decision in *Bruen* superseded the Tenth Circuit's decision in *McCane*, or unless the Tenth Circuit or Supreme Court determines that § 922(g)(1) is not constitutional, this court is compelled to follow *McCane*.[28] "This court's role is to apply Tenth Circuit precedent, not to reconsider it."[29] In the absence of clear Supreme Court precedent overruling [*McCane*], this

---

[25] ECF No. 138 at 4.

[26] Mr. Baker urges this court to reject *Heller*'s language addressing the presumptive lawfulness of the "longstanding prohibition" on the possession of firearms by felons on the basis this language is dicta. ECF No. 157 at 2–4. However, the Tenth Circuit has repeatedly instructed that we are "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements." *Surefoot LC v. Sure Foot Corp*., 531 F.3d 1236, 1243 (10th Cir. 2008) (quoting *Gaylord v. United States*, 74 F.3d 214, 217 (10th Cir. 1996)); *see McCane*, 573 F.3d at 1047 (Tymkovich, J., concurring); *see also Hengle v. Treppa*, 19 F.4th 324, 347 (4th Cir. 2021) ("We routinely afford substantial, if not controlling deference to dicta from the Supreme Court."); *United States v. Huet*, 665 F.3d 588, 600 n.11 (3d Cir. 2012) ("Although some of our sister circuits have classified the 'presumptively lawful' language in *Heller* as dicta, . . . we disagree."), *abrogated on other grounds by United States v. De Castro*, 49 F.4th 836 (3d Cir. 2022); *Oyebanji v. Gonzales*, 418 F.3d 260, 264–65 (3d Cir. 2005) (warning that "lower federal court[s] … are advised to follow the Supreme Court's 'considered dicta'") (collecting cases); *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (stating that *Heller*'s language regarding lawful long-standing gun restrictions on felons is not nonbinding dicta).

[27] ECF No. 138 at 5.

[28] *United States v. Carrero*, 2:22-cv-00030-TC, 2022 WL 9348792, at *4 (D. Utah Oct. 14, 2022) ("This court is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court." (citing *Burlington N. & Santa Fe Ry. Co. v. Burton*, 270 F.3d 942, 947 (10th Cir. 2001))); *see Vincent v. Garland*, No. 2:20-cv-883-DBB, 2021 WL 4553249, at *2–3 (D. Utah Oct. 5, 2021) (rejecting "as-applied challenge under the Second Amendment to the felon-dispossession statutes" on the basis that such challenge was precluded by Tenth Circuit precedent).

[29] *United States v. Hay*, No. 19-20044-JAR, 2022 WL 1421562, at *7 (D. Kan. May 5, 2022).

[c]ourt will 'follow the case which directly controls, leaving to the [Tenth Circuit] the prerogative of overruling its own decisions.'"[30] In other words, Mr. Baker's motion turns on whether the Supreme Court's decision in *Bruen* constitutes an intervening decision that has clearly and unmistakably overruled Tenth Circuit precedent upholding the constitutionality of § 922(g)(1). Having carefully reviewed *Bruen*, the court concludes that it is not.

There is nothing in *Bruen* to indicate that either *Heller*, Tenth Circuit precedent based on *Heller,* or § 922(g)(1), are no longer valid. As in *Heller* and *McDonald*, the issue before the Court in *Bruen* concerned regulations that burdened "a law-abiding citizen's right to armed self-defense."[31] Specifically, the petitioners in *Bruen* were challenging New York's concealed carry licensing law, which required applicants to show "proper cause" (i.e., a special need for self-protection, distinguishable from the community's need) in order to get a license.[32]

In the opening paragraph of *Bruen*, Justice Thomas, writing for the Court, expressly reaffirmed *Heller* and *McDonald*, and noted that both cases defined the right to bear arms as belonging to "law-abiding, responsible citizens."[33] The Court said:

> In *District of Columbia v. Heller*, 554 U.S. 570, (2008), and *McDonald v. Chicago*, 561 U.S. 742, (2010), we recognized that the Second and Fourteenth Amendments protect the right of an *ordinary, law-abiding citizen* to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that *ordinary, law-abiding citizens* have a similar right to carry handguns publicly for self-defense. We too agree, and how hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.[34]

---

[30] *Id.* (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).
[31] *Bruen*, 142 S. Ct. at 2133.
[32] *Id.*
[33] *See id.* at 2122.
[34] *Id.* (emphasis added).

6

The Court noted that it was undisputed that the petitioners were "two ordinary law-abiding, adult citizens" who are "part of 'the people' whom the Second Amendment protects."[35] Although the majority opinion did not specifically address *Heller*'s treatment of laws prohibiting the possession of firearms by felons, that issue was simply not before the Court. Nonetheless, in keeping with *Heller* and *McDonald*, the Court reiterated throughout its opinion that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms for self-defense."[36] And in the concluding paragraph of the majority opinion, the Court repeated that the right to bear and keep arms belonged to "law-abiding citizens with ordinary self-defense needs."[37]

The concurrences and dissents in *Bruen* provide additional support for the conclusion that *Bruen* did not alter *Heller*, Tenth Circuit precedent based on *Heller*, or the constitutional status of § 922(g)(1). Both Justice Alito and Justice Kavanaugh, who was joined by Chief Justice Roberts, expressed in their concurring opinions their explicit intent to leave undisturbed government regulations prohibiting the possession of firearms by felons. For example, Justice Alito stated: "Our holding decides nothing about who may lawfully possess a firearm . . . . Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, about restrictions that may be imposed on the possession or carrying of guns."[38] Justice Kavanaugh's concurring opinion, joined by Chief Justice Roberts, provided additional support for the endurance of felon in possession restrictions in the wake of *Bruen*, stating "Properly interpreted, the Second

---

[35] *Id.* at 2134.
[36] *See id.* at 2122, 2131, 2134, 2138, 2150, 2155.
[37] *Id.* at 2156.
[38] *Id.* at 2157 (Alito, J., concurring).

Amendment allows a 'variety' of gun regulations"[39] and quoting *Heller*'s statement that "[n]othing in our opinion should be taken to cast doubt on 'longstanding prohibitions on the possession of firearms by felons.'"[40] The dissent clearly viewed the majority opinion the same way. Justice Breyer, joined by Justice Sotomayor and Justice Kagan, stated, "I understand the Court's opinion today to cast no doubt on" *Heller*'s treatment of laws prohibiting firearm possession by felons.[41]

Based on this understanding of *Bruen*, the court concludes that the Tenth Circuit's decision in *McCane* remains good law and controls the disposition of Mr. Baker's motion to dismiss. The court is bound by *McCane* and its progeny which, as stated previously, have repeatedly upheld the constitutionality of § 922(g)(1). For this reason, Mr. Baker's motion to dismiss must be denied.

Finally, this court is unaware of any court finding § 922(g)(1) unconstitutional post-*Bruen*. Although not binding on this court, federal courts nationwide appear to have uniformly rejected constitutional challenges to § 922(g)(1) in the wake of the Supreme Court's decision in *Bruen*.[42]

---

[39] *Id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring).
[40] *Id.* (quoting *Heller*, 554 U.S. at 626–27).
[41] *Id.* at 2189 (Breyer, J., joined by Sotomayor, J., and Kagan, J., dissenting).
[42] Not all district courts have followed the same approach. Some courts have upheld the constitutionality of § 922(g)(1) after applying the test set forth in *Bruen*, some courts have upheld the constitutionality of § 922(g)(1) after concluding that *Bruen* did not alter binding circuit precedent, and some courts have relied on both grounds. *See, e.g., United States v. Carrero*, No. 2:22-cr-30-TC, 2022 WL 9348792 (D. Utah Oct. 14, 2022) (denying defendant's motion to dismiss after concluding that § 922(g)(1) survives the *Bruen* test and also because *Bruen* did not alter Tenth Circuit precedent); *United States v. Coombes*, No. 22-cr-189, 2022 WL 4367056 (N.D. Okla. Sept 21, 2022) (concluding that § 922(g)(1) is constitutional after performing a rigorous historical analysis and also because the court is arguably bound by precedent); *see also, e.g., United States v. Butts,* No. CR22-33-M, 2022 WL 16553037 (D. Mont. Oct. 31, 2022) (concluding that *Bruen* did not disturb the felon in possession component of *Heller* and *Bruen* did not overrule binding Ninth Circuit precedent); *United States v. Paris Deautuan Grant*, No. 3:22-cr-161 (D.S.C. Oct. 28, 2022) (concluding that nothing in *Bruen* altered the prohibition on possession of firearms by felons); *United States v. Minter*, No. 3:22-cr-135, 2022 WL 10662252 (M.D. Pa. Oct. 18, 2022) ("[T]he Court here need not engage in an original analysis of whether the Second Amendment's plain text covers the

**CONCLUSION**

For the foregoing reasons, Mr. Baker's motion to dismiss Count 4 of the superseding

indictment is DENIED.

DATED this 9th day of November, 2022.

BY THE COURT

_____

David Barlow
United States District Judge

---

possession of a firearm by a felon, and if so, whether the Government has affirmatively demonstrated that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation, where the Supreme Court in *Bruen* has already signaled the answer to this question."); *United States v. Trinidad*, No. 21-298, 2022 WL 10067519 (D.P.R. Oct. 17, 2022) (rejecting facial and as-applied challenge based on binding First Circuit precedent); *United States v. Price*, No. 2:22-cr-97, 2022 WL 6968457 (S.D. W.Va. Oct. 12, 2022) (finding it unnecessary to engage in the historical test articulated in *Bruen* because "I am convinced that the Supreme Court left generally undisturbed the regulatory framework" that prohibits the possession of firearms by felons); *United States v. King*, No. 21-cr-255, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022) (rejecting defendant's facial and as applied challenge to § 922(g)(1) because *Bruen* "makes abundantly clear" that *Heller* and *McDonald* remain controlling precedent and Second Circuit precedent provides that § 922(g)(1) is constitutional); *United States v. Charles*, No. 22-cr-154, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022) (finding § 922(g)(1) constitutional on its face and as applied under *Bruen*'s framework); *United States v. Siddoway*, No. 1:21-cr-205, 2022 WL 4482739 (D. Idaho Sept. 27, 2022) (declining to "scrutinize the history of felon-in-possession statutes" because *Bruen* did not overrule *Heller* and court was bound by Ninth Circuit precedent upholding the constitutionality of § 922(g)(1)); *United States v. Collette*, No. 22-cr-141, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022) (finding § 922(g)(1) constitutional on its face and as applied under *Bruen*'s framework); *United States v. Hill*, No. 21-cr-107, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022) (finding § 922(g)(1) constitutional based Ninth Circuit precedent and stating that in any event the court is persuaded by historical analysis previously done by Ninth Circuit); *United States v. Cockerham*, No. 5:21-cr-6, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022) (upholding § 922(g)(1) based on Fifth Circuit precedent because *Bruen* did not invalidate as unconstitutional § 922(g)(1)); *United States v. Jackson*, No. CR 21-51, 2022 WL 4226229 (D. Minn. Sept. 13, 2022) ("While Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time."); *United States v. Ingram*, No. 18-cr-557, 2022 WL 3691350 (D.S.C. Aug. 25, 2022) (denying motion to dismiss because *Bruen* did not overrule *Heller*).