THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW AMBROSE BAKER, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [405] DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND TO STAY SENTENCE OF COUNTS 1 & 2** <br><br> Case No. 2:20-cr-00301-DBB <br><br> District Judge David Barlow |

Before the court is Defendant Matthew Baker's motion for release pending appeal and to stay the sentence of imprisonment imposed for Counts 1 and 2 of the Superseding Indictment.[1] For the following reasons, the court denies Mr. Baker's motion.[2]

## BACKGROUND

In a prior case in 2019, the government filed a felony information against Mr. Baker, alleging health care fraud and falsification of documents.[3] Mr. Baker pled guilty to those charges[4] and was sentenced to a year and a day.[5]

In the present case, on August 10, 2022, the government filed its Superseding Indictment, which alleged four counts against Mr. Baker.[6] Counts 1 and 2 were for wire fraud under 18

---

[1] Mot. for Release Pending Appeal and to Stay the Sentence in Counts 1 & 2 ("Def.'s Mot."), ECF No. 405.
[2] Mr. Baker requested a hearing. *See* Def.'s Mot. 1. The court has reviewed the parties' briefing and has concluded that a hearing would not materially assist the court. *See* DUCrimR 57-9(f).
[3] *See* Felony Information, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah Mar. 6, 2019).
[4] *See* Statement in Advance of Plea, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah Mar. 26, 2019).
[5] *See* Judgment in a Criminal Case, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah. Sept. 25, 2019); *see also* Am. Judgment in a Criminal Case, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah May 8, 2020).
[6] *See* Superseding Indictment, ECF No. 115.

U.S.C. § 1343, Count 3 was for contempt under 18 U.S.C. § 401, and Count 4 was for felon in possession of ammunition under 18 U.S.C. § 922(g)(1).[7] On November 21, 2022, the court granted Mr. Baker's motion to sever Counts 1 and 2 from Counts 3 and 4.[8]

The gravamen of Counts 1 and 2 was that Mr. Baker borrowed over $445,000 from his brother, created an entity known as Cap Fund purportedly managed by his brother to assist in repayment of the loan, and then engaged in a scheme to divert money from Cap Fund to himself.[9] Specifically, the Superseding Indictment alleges that Mr. Baker listed Cap Fund as the buyer of real property for around $373,000, then organized Cap Fund under his brother's name, and subsequently caused Cap Fund to assign its interest in the property to another buyer who was willing to pay the purchase price along with an assignment fee.[10] Mr. Baker then sought—through multiple deceptions—to have the escrow agent on the transaction deposit the profits from the transaction in his personal bank account.[11] On December 15, 2022, Mr. Baker was convicted in a trial by jury on Counts 1 and 2,[12] and on July 12, he was sentenced to 27 months in prison on those counts.[13]

The gravamen of Count 3 is that Mr. Baker made a number of money transfers that were prohibited by the court's pretrial release order.[14] And finally, Count 4 alleges that Mr. Baker possessed over 70 rounds of ammunition following his 2019 felony convictions for health care

---

[7] *Id.*
[8] *See* Order on Parties' Pretrial Mots. and Mots. in Limine, ECF No. 208.
[9] Superseding Indictment ¶¶ 4, 10–17.
[10] *Id.* ¶ 10–13.
[11] *Id.* ¶¶ 15–17.
[12] *See* Verdict Form, ECF No. 253.
[13] *See* Judgment in a Criminal Case, ECF No. 307.
[14] *See* Superseding Indictment ¶¶ 19–22; *see also* Findings of Fact and Conclusions of Law 3–7, ECF No. 370.

fraud and falsification of records.[15] On November 14, 2023, Mr. Baker was convicted on both counts in a bench trial,[16] and on February 9, 2024, he was sentenced to a year and a day for those counts.[17]

On April 23, 2024, Mr. Baker filed a *pro se* motion for release under 18 U.S.C. § 3143.[18] This motion was fully briefed on May 9, 2024.[19]

## DISCUSSION

18 U.S.C. § 3143(b) reads:

Release or detention pending appeal by the defendant.

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.[20]

---

[15] Superseding Indictment ¶¶ 23–24; *see also* Findings of Fact and Conclusions of Law 7–8; Judgment in a Criminal Case, No. 2:19-cr-00094 (D. Utah Sept. 25, 2019); Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C), *United States v. Baker*, No. 2:19-cv-00094 (D. Utah Mar. 26, 2019).
[16] *See* Findings of Fact and Conclusions of Law.
[17] *See* Judgment in a Criminal Case, ECF No. 388.
[18] Def.'s Mot.
[19] *See* United States' Opp'n to *Pro Se* Mot. for Release Pending Appeal ("Gov.'s Opp'n"), ECF No. 410.
[20] 18 U.S.C. § 3143(b). "Although the filing of a notice of appeal usually divest[s] the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court." *United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996).

The exceptions contained in paragraph (2) are not relevant in this case. 18 U.S.C. § 1342(c) itself provides for conditions of release to be imposed upon an individual on pretrial release, so long as those conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community."[21]

Mr. Baker first argues that he is not a flight risk and is not a danger to any other person or the public if released, given that he has no history of violence.[22] Next, he argues that there are substantial questions of law likely to result in reversal or a reduction of sentence.[23] The government opposes both arguments.[24]

The government argues that Mr. Baker is not entitled to relief because he poses a danger to the community if released.[25] The government argues that the Tenth Circuit has held that the concern for danger to the community includes more than just the danger of physical violence.[26] The caselaw the government relies upon can be traced to the standards for pretrial release under 18 U.S.C. § 3142.[27] Nonetheless, the court finds it persuasive. The language in 18 U.S.C. § 3143(b) is nearly identical to that in 18 U.S.C. § 3142.[28] Accordingly, "[s]afety of the community 'refers to the danger that the defendant might engage in criminal activity to the

---

[21] 18 U.S.C. § 3142(c)(1)(B).
[22] Def.'s Mot. 2–3.
[23] *Id.* 4–18.
[24] *See* Gov.'s Opp'n 6–16.
[25] Gov.'s Opp'n 6–9.
[26] *Id.* at 7.
[27] *See United States v. Voog*, 702 Fed.Appx. 692, 694 (10th Cir. 2017) (per curiam); *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989).
[28] *Compare* 18 U.S.C. § 3143(b) ("not likely to flee or pose a danger to the safety of any other person or the community") *with* 18 U.S.C. § 3142(e), (g) (requiring detention if no set of conditions will ensure "the safety of any other person and the community" and requiring the court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release").

detriment of the community.'"[29] And a number of district courts have "found that 'economic crimes can be "dangerous" to the community should the crimes continue on detention.'"[30]

Here, Mr. Baker has not shown by clear and convincing evidence that he is unlikely to engage in criminal activity to the detriment of the community if released. He makes only the conclusory assertion that he is not a danger.[31] And to the contrary, Mr. Baker has amassed a substantial criminal record, much of which involves financial crimes that were committed on pretrial release or parole. Even ignoring the acts that are the subject of Counts 1 and 2, in the past several years, Mr. Baker has been found guilty of health care fraud, falsification of records, contempt, and being a felon in possession of ammunition in federal court.[32] It is worth reiterating that Mr. Baker's contempt conviction was based on his making prohibited money transfers in violation of the court's pretrial release order.[33] In review of detention proceedings and at sentencing, the court noted that Mr. Baker's record shows a pattern of dishonesty and an unwillingness to abide both the law and conditions imposed upon him, making it unlikely that Mr. Baker would abide by any combination of conditions that could be imposed on his release to ensure the safety of the community.[34]

---

[29] *Cook*, 880 F.2d at 1161 (quoting S. Rep. No. 98-225, at 3195 (1983)).
[30] *United States v. Idowu*, No. 2:20-cr-284-TS, 2023 WL 2914340, at *5 (D. Utah Apr. 12, 2023) (compiling cases).
[31] Def.'s Mot. 22.
[32] *See* Judgment in a Criminal Case, *United States v. Baker*, 2:19-cr-00094 (D. Utah Sept. 25, 2019) (noting that Mr. Baker pled guilty to one count of healthcare fraud and one count of destruction of records); Judgment in a Criminal Case, ECF No. 388 (noting that Mr. Baker was found guilty of contempt and being a felon in possession).
[33] *See* Findings of Fact and Conclusions of Law.
[34] July 8, 2022 Hearing Transcript 60:7–60:15, ECF No. 123 (noting Mr. Baker's deceptive conduct); *id.* 60:15–61:1, ("I think the best I could say, based on the evidence that I have before me, is that Mr. Baker during the time period in question appeared to be indifferent to and in no way committed to abiding by the conditions of his release. . .So for all those reasons the court finds that it is highly unlikely . . . that Mr. Baker would abide by the combination of conditions that would be imposed."); July 10, 2023 Hearing Transcript 129:1–129:7 (noting Mr. Baker's "pattern of deceit" and willingness to blame others for his situation).

In summary, Mr. Baker originally was convicted of substantial health care fraud, including directing his employees to falsify documents. After a period of incarceration, he served the remainder of his year-and-a-day sentence in home confinement. While in home confinement, he committed wire fraud. While on pretrial release for the wire fraud and supervised release for the health care fraud and falsification of documents, he violated the felon in possession statute and committed criminal contempt by making multiple prohibited money transfers. Prior to those convictions, in an effort to obtain release, Mr. Baker affirmatively decided to take an oath and give false testimony before the magistrate judge.[35] Nothing that has transpired since, including the instant motion, suggests that the danger shown by those actions has decreased. This record makes it impossible to conclude, by clear and convincing evidence, that Mr. Baker currently does not pose a danger to any other person or the community.

Because Mr. Baker's motion fails at the first step, the court need not address whether Mr. Baker raises a substantial question of law or fact likely to result in reversal or a reduced sentence.

## ORDER

For the forgoing reasons, the court DENIES Mr. Baker's Motion.[36]

Signed May 24, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[35] *See* Feb. 8, 2024 Hearing Transcript 40:11–42:9, 43:10–43:15, ECF No. 403.
[36] ECF No. 405.