THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW AMBROSE BAKER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [415] DEFENDANT'S MOTION TO RECONSIDER [414] MEMORANDUM DECISION AND ORDER DENYING [405] DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND TO STAY SENTENCE OF COUNTS 1 & 2**<br><br>Case No. 2:20-cr-00301-DBB<br><br>District Judge David Barlow |

Before the court is Defendant Matthew Baker's ("Mr. Baker") request to reconsider his motion for release pending appeal and to stay his sentence.[1] For the following reasons, the court denies Mr. Baker's motion.

## BACKGROUND

In a prior case in 2019, the government filed a felony information against Mr. Baker alleging health care fraud and falsification of documents.[2] Mr. Baker pled guilty and was sentenced to a year and a day.[3]

---

[1] Request to Reconsider Motion to Release Pending Appeal and to Stay the Sentence in Counts 1 & 2 ("Def.'s Mot."), ECF No. 415, filed Sep. 16, 2024.
[2] *See* Felony Information, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah Mar. 6, 2019).
[3] *See* Statement in Advance of Plea, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah Mar. 26, 2019); Judgment in a Criminal Case, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah. Sept. 25, 2019); Am. Judgment in a Criminal Case, *United States v. Baker*, No. 2:19-cr-00094 (D. Utah May 8, 2020).

1

In the present case, in 2022, the government eventually filed its Superseding Indictment alleging four counts against Mr. Baker.[4] Counts 1 and 2 were for wire fraud under 18 U.S.C. § 1343, Count 3 was for contempt under 18 U.S.C. § 401, and Count 4 was for felon in possession of ammunition under 18 U.S.C. § 922(g)(1).[5] Mr. Baker successfully moved to sever Counts 1 and 2 from Counts 3 and 4.[6]

Counts 1 and 2 alleged that Mr. Baker borrowed over $445,000 from his brother Shane Baker ("Shane'), created an entity known as Cap Fund that he told Shane would be used to repay the loan, and then engaged in a scheme to divert money from Cap Fund to himself.[7] Mr. Baker was convicted by a jury on Counts 1 and 2 and sentenced to 27 months in prison.[8]

Count 3 alleged that Mr. Baker made several money transfers, including some that were large, that were prohibited by the court's pretrial release order. Count 4 alleged that Mr. Baker possessed over 70 rounds of ammunition following his previous felony convictions.[9] Mr. Baker and the government requested a bench trial on these counts.[10] Mr. Baker was convicted on Counts 3 and 4 in a bench trial on November 13, 2023,[11] and later was sentenced to a year and a day.[12] Mr. Baker appealed this judgment on February 22, 2024.[13]

---

[4] Superseding Indictment, ECF No. 115, filed Aug. 10, 2022.
[5] *Id*. The court severed counts 3 and 4 from the jury trial on Nov. 18, 2022. *See* Minute Entry, ECF No. 205, filed Nov. 18, 2022.
[6] Order on Parties' Pretrial Motions and Motions in Limine, ECF No. 208, filed Nov. 21, 2022.
[7] Superseding Indictment, ECF No. 115, filed Aug. 10, 2022.
[8] Verdict Form, ECF No. 253, filed Dec. 16, 2022; Judgment in a Criminal Case, ECF No. 307, filed July 12, 2023.
[9] Superseding Indictment, ECF No. 115, filed Aug. 10, 2022.
[10] Minute Entry, ECF No. 353, filed Oct. 13, 2023.
[11] Bench Trial Verdict, ECF No. 369, filed Nov. 13, 2023.
[12] Judgment in a Criminal Case, ECF No. 380, filed Feb. 9, 2024.
[13] Notice of Appeal, ECF No. 390, filed Feb. 22, 2024.

On April 23, 2024, Mr. Baker filed a *pro se* motion for release under 18 U.S.C. § 3143.[14] The court denied this motion on May 31, 2024.[15] On September 16, 2024, Mr. Baker filed a second motion for release, styled as a motion for reconsideration. Mr. Baker states that he is filing it because of an ethics complaint against the prosecutor who tried this case that was filed in another jurisdiction involving other defendants.[16] The motion was fully briefed on November 4, 2024.[17]

## DISCUSSION

A motion for reconsideration may be granted when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[18] Mr. Baker argues that the prosecutor misled the court on a number of issues and that the misconduct would satisfy either the second or third prongs. Assuming without deciding that it does, the court considers the statutory standard and Mr. Baker's arguments.

Release or detention pending appeal is governed by 18 U.S.C. § 3143(b). In relevant part, it requires that the judge detain a person found guilty of an offense unless: (1) clear and convincing evidence shows "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) that the appeal "raises a substantial

---

[14] Motion for Release Pending Appeal and to Stay the Sentence in Counts 1 & 2, ECF No. 415, filed April 23, 2024.
[15] Amended Memorandum Decision and Order Denying Defendant's Motion for Release Pending Appeal and to Stay Sentence of Counts 1 & 2 ("Order"), ECF No. 414, filed May 31, 2024.
[16] Def.'s Mot. 1.
[17] United States' Opposition to Pro Se Motion to Reconsider Denial of Release Pending Appeal, ECF No. 417, filed Oct. 18, 2024; Defendant's Reply to Motion to Reconsider Release Pending Appeal and to Stay the Sentence in Counts 1 & 2 ("Def.'s Reply"), ECF No. 418, filed Nov. 4, 2024.
[18] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

question of law or fact likely to result in" reversal, a new trial, a noncustodial sentence, or a reduced sentence less than the total already served plus the time for the appeals process.[19]

Regarding the first factor, the court previously found that the record does not support a finding, by clear and convincing evidence, that Mr. Baker does not currently pose a danger to any other person or the community. As noted in that order:

> "Mr. Baker originally was convicted of substantial health care fraud, including directing his employees to falsify documents. After a period of incarceration, he served the remainder of his year-and-a-day sentence in home confinement. While in home confinement, he committed wire fraud. Then, while on pretrial release for the wire fraud and supervised release for the health care fraud and falsification of documents, he violated the felon in possession statute and committed criminal contempt by making multiple prohibited money transfers. Prior to those convictions, in an effort to obtain release, Mr. Baker affirmatively decided to take an oath and give false testimony before the magistrate judge. Nothing that has transpired since, including the instant motion, suggests that the danger shown by those actions has decreased. This record makes it impossible to conclude, by clear and convincing evidence, that Mr. Baker currently does not pose a danger to any other person or the community."[20]

The foregoing is not a complete accounting of Mr. Baker's misconduct in the record. Mr. Baker also forcefully and repeatedly insisted to the court that Probation had given him permission to make certain funds transfers, but the evidence showed otherwise.[21] And post-conviction, Mr. Baker made efforts—including expressing a willingness to resolve a civil case favorably— to persuade his brother to change his views, apparently in an effort to obtain a lenient sentence.[22]

---

[19] 18 U.S.C.A. § 3143(b).
[20] Order 6–7.
[21] Findings of Fact and Conclusion of Law 9, ECF No. 370, filed Nov. 14, 2023.
[22] Memorandum Decision and Order Denying Motion to Enforce Plea Agreement 11, ECF No. 283, filed June 2, 2023; ECF No. 278-1.

In all, the record shows a pattern of false, deceitful, and often illegal conduct on numerous occasions over multiple years in a variety of settings. Mr. Baker has violated several different laws in the recent past and has shown an unwillingness to abide by conditions of release. His misconduct, supervised release violations, and crimes have involved a relative, an unrelated company, a state system for public access of business records, the federal health care system, and three judges on this court. In other words, this is not a situation where a person having been convicted of an offense is simply assumed to be likely to reoffend. Here, there is a notable record of six federal crimes, many court order violations, and various other serious deceptions over time.[23] To release Mr. Baker, the law requires the court to determine, by clear and convincing evidence, that he poses no danger to any other person or the community. The record does not permit such a finding. Accordingly, Mr. Baker is not eligible for release during the pendency of his appeal.

The second factor involves whether, under a preponderance of the evidence standard, reversal, a new trial, a noncustodial sentence, or a reduced sentence are likely. Because Mr. Baker's motion fails at the first stage, further analysis cannot change the result. However, the court exercises its discretion to address Mr. Baker's arguments briefly.

Mr. Baker argues that it was error for the court to exclude a state court's order on a motion for partial summary judgment related to certain closing proceeds.[24] But the order was never offered into evidence, and the court did not exclude it.

---

[23] The healthcare fraud and destruction, alteration, or fabrication of records offenses alone apparently involved numerous healthcare records and Mr. Baker's instructions to five employees to fabricate or alter various medical documents. *See* Case No. 2:19-cr-094, ECF No. 26, 5-6.
[24] Def.'s Mot. 6.

This order was discussed in pretrial proceedings, where the government moved to exclude it.[25] The court noted that there were significant evidentiary concerns with the order. However, the court also clearly stated that it was reserving its decision until the evidence was offered. The court also instructed the defense that if it wished to offer the evidence at trial, it was to do so initially outside the presence of the jury; the court would hear argument in the context of the trial evidence, and then decide admissibility. At trial, Mr. Baker simply did not offer this evidence. Therefore, the court had no occasion to rule. As a result, this issue is waived. It is not likely to result in reversal or any other relief.

Mr. Baker also argues that there was insufficient evidence that his brother Shane owned Cap Fund.[26] This argument cannot change the result. Mr. Baker's false statement to Old Republic—that Shane had assigned his interest in Cap Fund to Mr. Baker— does not depend on who owned the fund. And there was no evidence that Shane had made any such assignment. In fact, the only record evidence is that Shane did not do this. Ms. Baker's claim that he had received a written assignment of interest from his brother was simply false.

The same is true for Mr. Baker's removal of Shane on the Utah state government website.[27] The evidence at trial was that Mr. Baker made the change shortly after he told Old Republic that Shane had assigned him his interest in Cap Fund.[28] There was no such assignment, so the jury could readily conclude that Mr. Baker's revision of the public-facing Cap Fund record

---

[25] Order on Parties' Pretrial Motions and Motions in Limine, ECF No. 229, filed Dec. 6, 2022; see also Minute Entry, ECF No. 228, filed Dec. 6, 2022.
[26] Def.'s Mot. 10.
[27] Government Exhibit 5, Certificate of Organization of Cap Fund 783, LLC.
[28] Government Exhibit 1, Recorded call between Lynnea Welch (Old Republic) and Matthew Baker.

showing Shane as the sole member/manager of Cap Fund was done in furtherance of the previous false statement to Old Republic.

Additionally, the evidence on which Mr. Baker relies are documents he created.[29] The record evidence contains credible testimony from his brother, Shane, that Mr. Baker told him he would put property in an LLC in Shane's name for the purpose of repaying the debt Mr. Baker owed Shane.[30] This agreement to use an LLC to repay Shane was corroborated by Mr. Baker's public identification of Shane as the sole "member/manager" of Cap Fund.[31] The jury was not required to credit Mr. Baker's documents over the evidence to the contrary. In short, there was sufficient evidence for the jury to convict Mr. Baker. This issue is not likely to result in reversal or any other relief.

Next, Mr. Baker argues that at sentencing the court erroneously failed to apply certain credits to the loss amount under Sentencing Guideline §2B1.1.[32] Mr. Baker argues that Application Note 3(E)(ii) required the court to apply a credit against the loss he intended or caused. Application Note 3(E)(ii) states that a credit against loss applies under certain circumstances "[i]n a case involving collateral pledged by the defendant or otherwise provided by the defendant."[33] But this case did not involve "collateral pledged by the defendant" or "otherwise provided by the defendant." The evidence was that Mr. Baker borrowed from his brother. He later failed to repay the loan. Later still he said would repay the earlier loan by forming an LLC in his brother's name and then providing funds from that LLC to his brother.

---

[29] Government Exhibit 14, Operating Agreement of Cap Fund 783, LLC; Government Exhibit 15, Assignment of Interest in REPC.
[30] Jury Trial Record Volume III 406–407, ECF No. 331, filed Sep. 14, 2023.
[31] Government Exhibit 5, Certificate of Organization of Cap Fund 783, LLC.
[32] Def.'s Mot. 12.
[33] U.S.S.G. 2B1.1.

Mr. Baker formed the LLC, never used it to repay his brother, and then committed wire fraud by taking steps to delete evidence that his brother had any interest in or control over the LLC and to deceive the title agency into sending the funds to Mr. Baker instead of to Cap Fund. In short, this case is not about Mr. Baker pledging or providing collateral. And the evidence was that Mr. Baker actively worked to deprive his brother of the funds, so there would be no credit due even if there had been an earlier pledge or provision of collateral. Either way, no credit would be proper under Application Note 3(E)(ii)—it simply is factually inapposite here. Therefore, this issue is not likely to result in a reduced sentence or any other relief.

Finally, Mr. Baker also argues actual innocence, contending that "the [state court order] was not allowed at trial."[34] As noted earlier, the state court order was not offered at trial. For the reasons stated above, the argument is not meritorious. Accordingly, it is not likely to result in reversal or any other relief.

In the alternative, Mr. Baker contends in his reply that he should spend the remainder of his sentence in a halfway house or home confinement.[35] The court does not have the authority to order the Bureau of Prisons to house Mr. Baker at any particular location. Additionally, the record here—where multiple federal crimes and other misconduct occurred while Mr. Baker was home in confinement or on supervised release—would not well support such an order even if the court were authorized to enter it. Additionally, the court sentenced Mr. Baker leniently on all four counts with well-below guidelines judgments so that he could return to his family sooner rather than later. No adjustment to those sentences is authorized or warranted.

---

[34] Def.'s Mot. 20.
[35] Reply 11.

In conclusion, Mr. Baker does not qualify for release pending appeal under 18 U.S.C. § 3143(b). His arguments about errors at trial or at sentencing do not have merit and are unlikely to result in any relief. And the court cannot find by clear and convincing evidence that Mr. Baker does not pose a danger to any person or the community.

## ORDER

Accordingly, Mr. Baker's motion is DENIED.[36]

DATED this 8th day of November, 2024.

BY THE COURT:

_____
David Barlow
United States District Court Judge

---

[36] ECF No. 415.