UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW AMBROSE BAKER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [459] AND [479] DEFENDANT'S MOTIONS FOR NEW TRIAL**<br><br>Case No. 2:20-cr-00301-DBB<br><br>District Judge David Barlow |

Before the court is Defendant Matthew Baker's Motion for New Trial under Rule 33 of the Federal Rules of Criminal Procedure.[1]

**BACKGROUND**

In December 2022, Mr. Baker was convicted on two counts of wire fraud after a jury trial.[2] In November 2023, he was convicted of contempt and being a felon in possession of ammunition after a bench trial.[3] Mr. Baker appealed all four of his convictions to the Tenth Circuit Court of Appeals. On October 20, 2025, the Tenth Circuit issued an opinion reversing one wire fraud conviction and affirming the other three convictions.[4] Among other things, the Tenth Circuit rejected Mr. Baker's appellate argument that the theory of the prosecution in the underlying jury trial was that the fraudulent scheme related to the victim's property interest in an assignment fee.[5] Instead, the court held that the property interest at issue in the fraudulent

---

[1] Motion for New Trial, ECF No. 479, filed Apr. 8, 2026.
[2] Jury Verdict, ECF No. 253, entered Dec. 16, 2022.
[3] Bench Trial Verdict, ECF No. 369, Entered Nov. 13, 2023.
[4] *United States v. Baker*, 155 F.4th 1188, 1204–06 (10th Cir. 2025).
[5] *Id.* at 1193.

1

scheme was the debt that Mr. Baker owed to the victim and that this debt was the only such interest asserted at trial and on appeal.[6] One of the three Tenth Circuit judges on the panel dissented on this point, writing that the assignment fee, not the debt, was the property interest that the government based its argument on in the underlying jury trial.[7] Mr. Baker sought a rehearing en banc, which the Tenth Circuit denied.

After the Tenth Circuit issued its decision, but before it issued a final mandate, Mr. Baker filed a Rule 33 motion for a new trial on the basis of newly discovered evidence.[8] This initial motion did not specify what the new evidence was and stated only that it was filed "solely to preserve timeliness while appellate and resentencing proceedings remain pending."[9] The Tenth Circuit's mandate was issued on February 26, 2026.[10] The court entered an order allowing Mr. Baker to file an amended or supplemental brief regarding his initial motion for a new trial.[11] Mr. Baker subsequently filed the Motion for New Trial that is currently before the court.

## STANDARD

Rule 33 of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires."[12] "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."[13] "Any motion for a new trial grounded on any reason other than newly

---

[6] *Id.*
[7] *Id.* at 1209.
[8] Initial Motion for New Trial, ECF No. 459, filed Nov. 3, 2025.
[9] *Id.* at 1.
[10] Mandate, ECF No. 476, entered Feb. 26, 2026.
[11] *See* Order Granting Leave to Amend Motion, ECF No. 477, entered Mar. 9, 2026.
[12] Fed. R. Crim. P. 33(a).
[13] Fed. R. Crim. P. 33(b)(1).

2

discovered evidence must be filed within 14 days after the verdict or finding of guilty."[14] Generally, "'[a] motion for a new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution.'"[15] The defendant bears the burden of establishing that a new trial is warranted.[16]

## DISCUSSION

Mr. Baker contends that a new trial is necessary because the Tenth Circuit sustained his conviction "on a materially different object-of-the-scheme theory than the one actually charged, tried, instructed, and decided by the jury."[17] He argues that the evidence and jury instructions at trial were based on the theory that his fraudulent scheme was directed toward depriving the victim of a property interest in an assignment fee[18] and that the jury convicted him based on this theory.[19] According to Mr. Baker, the Tenth Circuit did not sustain his conviction on this theory, instead finding that the relevant property interest was the debt he owed the victim.[20] He argues that the alleged "object of the scheme" changed from the jury verdict to the appeal and that this mismatch creates a Sixth Amendment defect that necessitates a new trial.[21] The government responds that Mr. Baker's motion is untimely and that it provides no good reason for a new trial.[22]

---

[14] Fed. R. Crim. P. 33(b)(2).
[15] *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015) (quoting *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006)).
[16] *Id.*
[17] Motion for New Trial 2.
[18] *Id.* at 6.
[19] *Id.* at 27.
[20] *Id.*
[21] *Id.* at 26–27.
[22] United States Response to Defendant's Motion for a New Trial ("Opp'n") 3–5, ECF No. 482, filed Apr. 24, 2026.

The government first argues that the court should deny Mr. Baker's Motion for New Trial because it is time-barred.[23] Though Mr. Baker's initial, placeholder motion for a new trial was filed within the three-year limit set by Rule 33(b)(1), the government notes that this motion is not based on newly discovered evidence and is thus controlled by the shorter fourteen-day limit in Rule 33(b)(2).[24] Mr. Baker responds that his motion falls under Rule 33(b)(1) because it relates to a "newly discovered *matter*" that did not exist until after trial when the Court of Appeals allegedly retroactively decided that the debt, rather than the assignment fee, was the property interest that was the object of his fraudulent scheme.[25] He argues that the "post-trial creation" of a new "governing theory" constitutes new evidence under Rule 33.[26] Not so.

Mr. Baker's Motion for New Trial is based on his contention that the Tenth Circuit affirmed his conviction on a theory not presented at trial.[27] But it provides no newly discovered material evidence that was not available during trial.[28] Instead, Mr. Baker makes arguments about shifting theories of the case,[29] fair-notice violations,[30] and the validity of the jury's verdict.[31] Ultimately, his argument is that a conviction cannot stand on a theory not submitted to the jury, not that previously unavailable evidence would have changed the jury's decision.[32]

---

[23] *Id.* at 3.

[24] *Id.* at 4.

[25] Reply in Support of Motion for New Trial ("Reply") 2–3, ECF No. 483, filed Apr. 30, 2026 (emphasis supplied).

[26] *Id.*

[27] *See* Motion for New Trial 27.

[28] *See United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015) (quoting *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006)) ("To prevail, a defendant must prove: (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [his] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.").

[29] Motion for New Trial 4, 21, 25.

[30] *Id.* at 29.

[31] *Id.* at 35.

[32] Reply 7.

4

Because Mr. Baker's Motion for New Trial does not rest on newly discovered evidence, it falls under the fourteen-day time frame set forth in Rule 33(b)(2).[33] The Motion for New Trial was filed years after this period expired,[34] so it is untimely under Rule 33.

Even if the court were to consider the substance of Mr. Baker's Motion for New Trial, a new trial would still not be warranted. Mr. Baker states that he is not asking the court to overturn or revisit the Tenth Circuit's decision, but his argument fundamentally mischaracterizes the appellate ruling.[35] He contends that the Tenth Circuit "determined what theory could support the conviction as a matter of law" and asks the court to now "determine whether the jury actually returned a verdict on that same theory."[36] But the Court of Appeals did more than merely decide that the debt property interest could support a wire fraud conviction; it expressly found that the government argued the debt property interest theory at trial.[37] The Tenth Circuit held that the debt theory was articulated by the prosecutor at trial and was presented to the jury.[38] Because the Tenth Circuit held that the debt property theory was established at trial as the basis for Mr. Baker's conviction, the court cannot accept the Motion's argument that the Tenth Circuit adopted an entirely new theory. To do so would contradict a binding Tenth Circuit opinion, which this court cannot do.

Finally, even if Mr. Baker were correct in his characterization of the Tenth Circuit's opinion, the result on his motion would be the same. As noted above, the only two paths for a

---

[33] Fed. R. Crim. P. 33(b)(2).
[34] *See* Initial Motion for New Trial.
[35] Reply 7.
[36] *Id.*
[37] *United States v. Baker*, 155 F.4th 1188, 1193–94 (10th Cir. 2025).
[38] *Id.* at 1194 ("We do not see how the prosecutor could have been any clearer that the property that was the object of the scheme was the debt owed to Shane by his brother. . . . This theory of the case articulated by the prosecutor was fully consistent with the indictment and the final instructions to the jury.").

5

motion for a new trial are to file within three years if there is new evidence or to file within fourteen days of the verdict for any other reason. There is no new evidence here. So this motion is "grounded on any reason other than newly discovered evidence."[39] As a result, no matter how Mr. Baker's arguments are worded or framed, which arguments were or were not made or decided by the Tenth Circuit, the motion is clearly untimely.

In sum, Mr. Baker's Motion for New Trial is untimely because it was filed years after his conviction but provides no new evidence that was previously unavailable. Furthermore, it is substantively flawed because it asks the court to effectively overrule the Tenth Circuit.

## ORDER

Defendant's [459] Motion for New Trial and [479] Motion for New Trial are DENIED.

Signed May 8, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[39] Fed. R. Crim. P. 33(b)(2).